IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CORNELIUS BROWN, | ) | 4:14CV3071 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on April 2, 2014. (Filing No. 1). The court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is currently incarcerated at the Norfolk Regional Center ("NRC") in Norfolk, Nebraska. (*See* Docket Sheet.) Prior to being civilly committed at the NRC, Plaintiff was incarcerated at the Nebraska State Penitentiary ("NSP"). (Filing No. 1 at CM/ECF p. 2). He filed his Complaint against the Nebraska Department of Correctional Services and three of its employees asserting various causes of action related to his lack of access to a sex offender treatment program and his civil commitment.

Plaintiff was incarcerated at the NSP from March 15, 2012, until November 8, 2014, after being convicted of third degree sexual assault. (*Id.* at CM/ECF p. 2.) On March 21, 2012, Plaintiff applied for the Inpatient Healthy Living Program ("IHeLP"), which is a treatment program for sex offenders. (*Id.* at CM/ECF p. 6.) Defendant Paul Rodriguez ("Rodriguez") informed Plaintiff IHeLP is a 2 to 3 year

program and based on Plaintiff's tentative release date he would not have time to complete the program and, therefore, would not be accepted into the program. (*Id.*) However, Rodriguez noted that Plaintiff accepted the recommendation to enter IHeLP and was "in compliance" with his "personalized plan." (*Id.*)

As is mandated by Nebraska law, Plaintiff was required to submit to a psychological evaluation prior to his release. Plaintiff alleges after three unsuccessful attempts to evaluate him, Defendants Amanda Holmgreen ("Holmgreen") and Stephanie Bruhn ("Bruhn") recommended Plaintiff be classified as a "dangerous offender" and further recommended civil commitment. (*Id.* at CM/ECF pp. 2-3.)

Plaintiff alleges he was wrongfully denied adequate treatment to allow him to return to the community upon his release from prison, improperly identified as a "dangerous offender," and improperly civilly committed. Based on these allegations, Plaintiff brings a myriad of claims and seeks $2.5 million in damages. He also seeks injunctive relief in the form of a psychological evaluation in order to reassess his status as a "dangerous offender" and, presumably, to have his civil commitment overturned. (*Id.* at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARD

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic*

2

*Corp. v. Twombly*, 550 U.S. 544, 70 (2007); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

**A.    Request for Psychological Evaluation**

Plaintiff seeks equitable relief in the form of a psychological evaluation in order to prove he is "not a danger, nor mentally ill," presumably in order to have his civil commitment overturned. (Filing No. 1 at CM/ECF p. 3.) Plaintiff set forth in his Complaint that he currently has an action pending in the Nebraska state court system to overturn his commitment. (*Id.* at CM/ECF p. 4.)

The court is without jurisdiction over Plaintiff's injunctive relief claims under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Under *Younger*, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court. *See*

*Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*, [] federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism.")

In this case, all of the conditions set forth in *Younger* are present. First, by Plaintiff's own admission, there is an ongoing state court proceeding in which he is challenging his civil commitment. Second, the custody of individuals deemed dangerous sex offenders implicates important state interests. Third, there is no indication that the state courts could not afford Plaintiff the opportunity for judicial review of any civil rights challenges. Furthermore, his allegations fail to show either great or immediate harm. *Younger*, 401 U.S. at 46-47. Accordingly, all of Plaintiff's claims for injunctive relief are dismissed for lack of subject matter jurisdiction.

B.    **Request for Monetary Relief**

In addition to injunctive relief, Plaintiff seeks $2.5 million in damages based on claims of defamation of character, double jeopardy, mental anguish, violation of his right to due process under the Fourteenth Amendment, and cruel and unusual punishment.

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See*, *e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it

bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Plaintiff does not specify whether he is suing the individually named defendants in their official or individual capacities. Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted)). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

The Eleventh Amendment bars a § 1983 claim for monetary relief against the Nebraska Department of Corrections and the individual defendants in their official capacities, and those claims will be dismissed. The only remaining question is whether, given the opportunity, Plaintiff can amend his Complaint to properly assert a cause of action. Plaintiff's claims are addressed in turn below.

    **1.    Due Process Claim**

Petitioner alleges a violation of his right to due process under the Fourteenth Amendment. Under *Sandin v. Conner*, a defendant must establish he was deprived of a protected liberty interest to successfully assert a § 1983 due process claim. *Sandin v. Conner*, 515 U.S. 472, 487 (1995). "Protected liberty interests may arise

from two sources—the Due Process Clause itself and the laws of the States." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (quotation omitted). "A liberty interest inherent in the Due Process Clause arises when a person has a substantial, albeit conditional, freedom such as when he is on probation or parole." *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668 (8th Cir. 1996). "[W]hether state law has created a protected liberty interest turns on whether the challenged conditions impose 'atypical or significant hardship . . . in relation to ordinary incidents of prison life.'" *Persechini v. Callaway*, 651 F.3d 802, 806 (8th Cir. 2011) (quoting *Sandin*, 515 U.S. at 484).

A discretionary treatment program does not provide the kind of substantial freedom that implicates a liberty interest inherent in the Due Process Clause or create conditions that impose atypical or significant hardships. *See, e.g.*, *Jones v. Moore*, 996 F.2d 943, 945 (8th Cir. 1993) (inmate had no protected liberty interest in participating in Missouri's sex offender treatment program); *see also Persechini*, 621 F.3d at 807 (denial of participation in discretionary prison programs "does not result in either an atypical or a significant hardship in relation to the remainder of the prison population"); *Stanley v. Litscher*, 213 F.3d 340, 342 (7th Cir. 2000) ("[A]dmission to [sex offender treatment programs] cannot be described as a liberty or property interest.") Accordingly, Plaintiff can allege no facts in connection with the denial of his application into the discretionary sex offender treatment program that could sufficiently state a claim that his right to due process was violated.

### 2. Eighth Amendment Claim

Plaintiff's Complaint also asserts a cause of action based on the Eighth Amendment. Plaintiff alleges he was subjected to cruel and unusual punishment because he was not admitted to the sex offender treatment program. Read liberally, Plaintiff argues Rodriguez was deliberately indifferent to his need for therapy.

A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir.1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn*, 491 F.3d 394, 396–97 (8th Cir. 2007).

Plaintiff has not alleged a serious medical condition that Rodriguez ignored, nor does he assert any facts to support a claim his Eighth Amendment rights were violated. However, on the court's own motion Plaintiff will be provided with 30 days to amend his complaint on this claim only to: (1) state whether his claim is against Rodriguez in his official or individual capacity, and (2) sufficiently allege an Eighth Amendment claim against Rodriguez.

### 3.     Mental Anguish Claim

The Prison Litigation and Reform Act of 1995 ("PLRA") prohibits a prisoner from receiving damages for mental or emotional distress if the plaintiff does not allege a physical injury. *See* 42 U.S.C. § 1997e(e); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004). Plaintiff does not allege he suffered a physical injury of any type, accordingly any claim for monetary relief for his alleged "mental anguish" is dismissed.

### 4.     Double Jeopardy Claim

Plaintiff alleges he was subject to double jeopardy, presumably because he was civilly committed upon the expiration of his prison sentence. Plaintiff's allegation assumes he was improperly civilly committed, but that determination has not been made and, as explained above, this court has no jurisdiction over that claim while he is challenging his commitment in state court.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (internal footnote omitted).

Plaintiff cannot be successful on his claim for damages without invalidating his civil commitment. He presents no evidence his civil commitment has been overturned. And although Plaintiff is not challenging a prison sentence, the principles expressed in *Heck* apply equally to an individual challenging a civil commitment. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1137 (9th Cir. 2005) (applying *Heck* to a § 1983 claim challenging civil commitment under California's Sexually Violent Predators Act); *Rogers v. Illinois Dept. of Corrs. Special Eval. Unit*, 160 F.Supp.2d 972, 977-78 (N.D.Ill. 2001) (*Heck* bars § 1983 claim that unconstitutional criteria were used to select sex offenders for civil commitment proceedings). Accordingly, Plaintiff's claim based on an alleged violation of his Fifth Amendment right to be free from double jeopardy is dismissed.

### 5. Defamation Claim

Plaintiff asserts a cause of action based on defamation, but does not state who made the allegedly defamatory statements or the nature of the alleged defamatory statements. Regardless, "[d]amages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975). Accordingly, Plaintiff's defamation claim is dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims seeking injunctive relief in connection with his psychological evaluation, or lack thereof, and his subsequent civil commitment are dismissed.

2. All claims against Defendants Nebraska Department of Corrections, Amanda Holmgreen, and Stephanie Bruhn are dismissed.

3. As to Defendant Paul Rodriguez, Plaintiff's claims under [42 U.S.C. §1983](42 U.S.C. §1983) for damages based on the alleged violation of his due process rights under the Fourteenth Amendment, mental anguish, double jeopardy, and mental anguish are dismissed.

4. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint to: (1) state whether his Eighth Amendment claim is against Rodriguez in his official or individual capacity, and (2) sufficiently allege a claim against Rodriguez. Failure to file an amended complaint will result in dismissal of this matter without prejudice and without further notice.

5. The clerk's office is directed to set a pro se case management deadline in this matter: July 23, 2014: Check for amended complaint.

DATED this 24th day of June, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

9