IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CORNELIUS BROWN, | ) | 4:14CV3071 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PAUL RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Paul Rodriguez's Motion to Dismiss. (Filing No. 33). For the reasons set forth below, Defendant's motion will be granted.

## BACKGROUND

Plaintiff Cornelius Brown was incarcerated at the Nebraska State Penitentiary ("NSP") from March 15, 2012, until November 8, 2014, after being convicted of a third degree-sexual assault. Upon entering the NSP, Brown was evaluated and recommended for the Inpatient Healthy Living Program ("IHeLP"), which is an inpatient treatment program for sex offenders. Brown contacted the program placement coordinator, Defendant Paul Rodriguez, to notify him of Brown's desire to enter the program. Rodriguez informed Brown he would not be incarcerated long enough to complete the program and would not be accepted. (Filing Nos. 1 and 28.)

Brown filed this lawsuit on April 2, 2014, against multiple defendants within the Nebraska Department of Corrections. (Filing No. 1). On July 2, 2015, this Court dismissed all of Brown's claims against Defendants with the sole exception of his claim against Rodriguez in his individual capacity. (*See* Filing No. 29 at CM/ECF p. 1). Brown's remaining claim alleges Rodriguez violated his Fourth and Eighth Amendment rights by denying his entry into the IHeLP program. (*See* Filing No. 28). He claims he required treatment as a sex offender and Rodriguez's denial of Brown's requests to join the program was an act of deliberate indifference to the "necessary rehabilitative services needed."

## ANALYSIS

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

A document filed pro se is to be liberally construed, and a pro se complaint, however unartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, in order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Brown's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Here, Brown alleged that Rodriguez was deliberately indifferent to his need for rehabilitative treatment. To establish a § 1983 claim for deliberate indifference under both the Eighth and Fourteenth Amendments, Brown must allege that he suffered from an objectively serious medical need and Rodriguez actually knew of but deliberately disregarded the need. *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013). "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Id.* (internal citations omitted).

Brown did not allege in his pleadings that he suffers from a serious medical need or that he suffers from a serious mental disorder. *See Hunt v. Colo. Dep't of Corr.*, 194 Fed. Appx. 492, 495 (10th Cir. 2006) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir.1996) ("[T]he mere fact that the plaintiffs are convicted sexual offenders does not mean that they have psychological disorders or that they are in need of psychiatric treatment.")). In addition, Brown did not allege Rodriguez ignored any serious medical condition. Rather, he takes issue with his inability to participate in an optional treatment program. Brown's allegations fall far short of stating a cognizable Eighth Amendment claim. Therefore, Brown's claim that Rodriguez was deliberately indifferent to his rehabilitative needs will be dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1.      Defendant's Motion to Dismiss (Filing No. 33) is granted.

2.      This case is dismissed without prejudice.

3.      The court will enter judgment by a separate order.

DATED this 13th day of January, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

_____

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.